The Honorable Frank L. Yeoman, Jr. Judge of the District Court Shawnee County Courthouse 200 E. 7th Street Topeka, Kansas 66603
Dear Judge Yeoman:
You request our opinion regarding the application of K.S.A. 1992 Supp. 59-2917(e) to the appointment of counsel when a mentally ill person moves or is transferred to different counties and district courts. The specific illustration you use is:
 "John Doe is a resident of Sedgwick Co. He is charged with a crime but is sent to the Larned State Hospital. After a time there, a case under Article 29 is filed in Pawnee Co. Since John Doe's county of residence is Sedgwick, he is transferred to Shawnee Co. After a stay in that hospital, he is approved for release into an out-patient program in Lawrence which is in Douglas Co. Now the case comes up for review — still in Shawnee Co."
Your specific question is "Which county or district attorney does the court look to to carry out the responsibilities under K.S.A. 1992 Supp. 59-2917(e)?"
K.S.A. 1992 Supp. 59-2917(e) provides:
 "If the applicant is not represented by counsel, the county or district attorney shall represent the applicant, prepare all necessary papers, appear at the hearing and present such evidence as the county or district shall determine to be of aid to the court in determining whether the proposed patient is a mentally ill person."
To determine which county or district attorney is appropriate, it is necessary to review the process for determining whether a person is mentally ill. The process starts with the filing of an application for determination under K.S.A. 59-2913 which provides:
 "A verified application to determine whether a person is a mentally ill person may be filed in the district court of the county of such person's residence or presence by any person." (emphasis added)
Based on this statute, the application may be filed in either the county of the person's residence or presence. The district court of the county selected would then have jurisdiction. Applying the statutes to your scenario the original application could be filed in either Sedgwick or Pawnee county. Your scenario states that the article 29 case was filed in Pawnee county as John Doe was present within that county.
Under an article 29 case, the district court not only receives the initial application, but it must address other issues in the determination process. The following statutes address some of those issues: K.S.A. 1992 Supp. 59-2914, Preliminary Hearing Orders; K.S.A. 1992 Supp. 59-2914(a), Mental Evaluation Orders; K.S.A. 1992 Supp. 59-2916, Notice; K.S.A. 1992 Supp. 59-2916(a) Medication and Therapy Prior to Hearing. Each of these issues is addressed by the "district court of the county" where the application was filed under K.S.A. 59-2913.
The hearing in K.S.A. 1992 Supp. 59-2917(e) results from the application filed under K.S.A. 59-2913. It is our opinion that K.S.A. 1992 Supp. 59-2917(e) refers to the county or district attorney of the county where the application was filed and where the district court is located. In the scenario you presented, when the application was filed in Pawnee county, the Pawnee county or district attorney would represent the applicant at the hearing.
Your scenario adds another step in the determination process in that under K.S.A. 1992 Supp. 59-2902cc, John Doe was transferred to a treatment facility within the catchment based on his residency in Sedgwick county. This brought the individual to Shawnee county. To determine which court now has jurisdiction, it is necessary to assume one of two possibilities: 1. There was no change in venue, in which Pawnee county retains jurisdiction; or, 2. The Pawnee county district court used its discretionary authority under K.S.A. 1992 Supp. 59-2922 and changed venue.
K.S.A. 1992 Supp. 59-2922 provides:
 "After the application provided for in K.S.A. 59-2913
and amendments thereto is filed, the district court at any time, on its own motion or upon the written request of any person, may transfer the venue of any case to the county where the patient is being detained in a treatment facility under the authority issued pursuant to K.S.A. 59-2912, 59-2917, or 59-2918, and amendments thereto. The district court also may transfer the venue of any case to any other county designated by the court if the patient has made a request for the change of venue and the court finds that the patient cannot obtain a fair hearing in the county where the patient is present." (Emphasis added.)
When there is a change of venue, the receiving district court then becomes responsible for the application process and the determination of mental illness. The county or district attorney of the county where the district court is located is responsible for the hearing under K.S.A. 1992 Supp. 59-2917(e).
Under your scenario, if there was no change of venue, Pawnee county retained jurisdiction over John Doe, and the Pawnee county attorney represents the applicant at the K.S.A. 1992 Supp. 59-2917(e) hearing. If Pawnee county used a change of venue to the Shawnee county district court, the Shawnee county district attorney represents the applicant at the hearing. When John Doe was transferred for outpatient treatment in Douglas county, another change of venue could occur. If venue is changed to Douglas county, then the Douglas county district attorney represents the applicant. The Douglas county district court would than have jurisdiction to modify or revoke the treatment pursuant to K.S.A. 1992 Supp. 59-2918a.
In conclusion, it is our opinion that the county or district attorney of the county in which the application is filed represents the applicant. The application may be filed in the distict court of either the patient's county of residence or the county in which the patient is present. However, it is within the district court's discretion to change venue, in which case, the county or district attorney of the receiving district court would represent the applicant.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm